# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID LUCAS, #180728,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 22-0009-CG-N |
| **OFFICER HOLLIS,** *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff David Lucas, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees, while an Alabama prison inmate. (Docs. 1, 2). Therefore, this action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

Plaintiff's Motion to Proceed Without Prepayment of Fees was granted, and he was ordered to pay a partial filing fee of $20.83, which he did. (Docs. 3, 12). Upon payment of the partial filing fee, Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B), as required. However, upon screening, Plaintiff's prior litigation history was discovered. See Doc. 5 (plaintiff advised that he omitted information in his complaint about his prior cases that he filed during his twenty-eight years of incarceration because ADOC has destroyed his paperwork). After reviewing the present complaint and Plaintiff's prior cases, the undersigned

recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fee when he filed this action. It is further recommended that Plaintiff's *in forma pauperis* status be revoked and his payment of $20.83 be returned to him.

## I. **Section 1915(g) and Plaintiff's Litigation History**.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

In screening the complaint as amended (Docs. 1, 5), the undersigned reviewed the records of the United States District Courts for the Southern, Middle, and

Northern Districts of Alabama to determine if Plaintiff has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that Plaintiff has had at least three actions and appeals dismissed for one of the foregoing reasons, namely, *Lucas v. Bullard, et al.,* CA No. 2:01-cv-01319-ELN-JEO (N.D. Ala. July 23, 2001) (failure to state a claim), *appeal dismissed as frivolous* (11th Cir. Apr. 3, 2002) (three-judge panel); *Lucas v. Molten, Allen & Williams,* CA No. 2:16-cv-00556-VEH-JEO (N.D Ala. Apr. 27, 2016) (failure to state a claim), *appeal dismissed as frivolous* (11th Cir. Jan. 27, 2017) (three-judge panel).[1]

With these four strikes, the present complaint comes within the scope of 28 U.S.C. § 1915(g). Therefore, unless § 1915(g)'s exception is satisfied, the present action is due to be dismissed.

## II. <u>Section 1915(g)'s Exception</u>.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Plaintiff show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior

---

[1] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

3

time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Plaintiff has not shown that at the time of filing he was confronting an imminent, serious physical injury.

Plaintiff filed his § 1983 complaint on January 10, 2022. (Doc. 1). In his complaint, Plaintiff complains about being stabbed by inmate Koby in August 2021 at Fountain Correctional Facility, while no officers were present near his dorm for approximately two and half hours. (Id. at 4, 9, 11,12). Plaintiff, a non-gang member, describes the environment at Fountain at the time when Koby, a gang member, stabbed him, and he does not indicate that the environment has changed. (Id. at 10-11). After medical treatment at a "real world hospital," he was returned to the dorm where he was stabbed, around the same gang members except for his assailant, who was now in lockup. (Id. at 14). Then, the gang members asked him to sign a "living agreement" so his assailant could be released, which he refused to

4

do, resulting in him being "threatened" by gang members. (Id.). Plaintiff is afraid, particularly at night, and now keeps a knife close by. (Id.). The Defendants are the two officers who were assigned to the post, as the duty officer and as a relief officer, at the time when he was stabbed. (Id. at 9).

Considering Plaintiff's allegations at the time of the complaint's filing on January 10, 2022, his allegations do not show that he was confronting a specific, immediate harm. Rather, in the complaint he chiefly complains about being stabbed in August 2021, for which compensatory damages in the amount of $100,000 from each Defendant were only requested. (Id. at 7).

The burden is on Plaintiff to show that at the time he filed the complaint that he was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193. However, the undersigned finds that Plaintiff's allegations do not describe a serious physical injury, much less an injury that was imminent at the time of filing. Rather, in the complaint Plaintiff complained about an event that occurred in the past. Accordingly, the undersigned finds that Plaintiff did not meet his burden of showing that he was under imminent danger of serious physical injury when he filed his complaint.[2]

### III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fee at the time he filed this

---

[2] After filing the complaint, Plaintiff informed the Court on March 14, 2022, that he was transferred to St. Clair Correctional Facility. (Doc. 8).

5

action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). It is further recommended that Plaintiff's *in forma pauperis* status be revoked and his payment of $20.83 be returned to him.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation

to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 6th day of June, 2022.

                                         s/ ***Katherine P. Nelson***
                                         **UNITED STATES MAGISTRATE JUDGE**